# SUPREME COURT.

## Brown agt. Curran.

*Landlord and tenant — Pleading — Counter-claim to action for rent.*

To an action for rent the defendant set up, by way of counter-claim, damages arising from the erection of buildings on an adjoining lot, the intention of the adjoining owner to build being, as alleged, fraudulently concealed at the time the relation of landlord and tenant was created.

*Held,* on demurrer, that the counter-claim was insufficient. Building is not necessarily injurious to adjoining occupant.

*Special Term, October,* 1875.

Van Vorst, *J.* — The counter-claim does not distinctly aver that the plaintiff knew, at the time the lease was made, that the owner of the adjoining premises intended to build. If he did not actually know such fact, it can with no propriety be said that he concealed it.

I do not regard the general statement that plaintiff fraudulently concealed the intention of the adjoining owner to build as a distinct and clear averment that he had the knowledge of such intention. It may imply knowledge. But an implication or inference should not be accepted in the place of facts, which should be distinctly averred.

But aside from this, I do not think that the matters set up constitute a counter-claim to the plaintiff's demand for rent, which is admitted to be unpaid.

Building is not necessarily a nuisance or a cause of damage to an adjoining owner. And tenants themselves should take notice and be prepared for such contingencies of constant occurrence, and make their arrangements accordingly.

Brown agt. Curran.

Building may be attended with inconvenience to adjoining owners, but that in itself gives no cause of damage or ground of action. Even if the plaintiff knew that the adjoining owner intended to build, he had good reason to presume that he would do so in a proper manner, and not in a way to cause a nuisance.

There should be judgment for the plaintiff on the demurrer.